**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | |
| VS. | * | |
| | * | |
| ALFRED M. CRAFT | * | NO: 4:04CR00181  SWW |
| | * | |
| | * | |

**ORDER**

Before the Court is Petitioner Alfred M. Craft's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (docket entries #104, #107) and the Government's response in opposition (docket entry #106).  After careful consideration, the Court finds that the motion should be and hereby is denied.[1]

**I**.

On March 3, 2005, a federal grand jury returned a superseding indictment charging Craft with seven violations of federal law.  Counts I through IV charged Craft with misdemeanor crimes, based on allegations that he used the poison Temik to kill a bald eagle and a black vulture, birds protected under federal law.  Counts V through VII charged Craft with witness tampering, based on allegations that he contacted three prospective United States' witnesses with

---

[1] Because the record conclusively shows that Craft is not entitled to relief, the Court decides his motion without conducting an evidentiary hearing.  *See Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)(citations omitted)(holding that a petition under § 2255 can be dismissed without a hearing if the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or if the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact).

the intent to influence their testimony with regard to the crimes charged in counts I through IV.

Craft pled guilty to counts I through III, and the remaining counts proceeded to a jury trial. On April 15, 2005, a jury returned a guilty verdict on count IV, and the Court declared a mistrial on counts V, VI, and VII, the witness tampering charges, which were tried anew beginning on July 11, 2005.

On July 14, 2005, a jury found Craft guilty on two of the three witness tampering charges. The Court sentenced Craft to a total of 60 months' imprisonment. The Court enhanced Craft's sentence after determining he had obstructed justice by misleading investigators about his finances. Attorney Jason Files served as Craft's attorney during both criminal trials and at sentencing.

Craft appealed, arguing that his convictions and enhanced sentence were not supported by sufficient evidence. The Eighth Circuit affirmed, finding ample evidence in the record to support both the conviction and the sentence.

## II.

In support of is petition, Craft asserts that the indictment was defective. He also asserts several ineffective assistance of counsel claims.

<u>Sufficiency of the Indictment</u>

Craft contends that the superseding indictment is defective because it lacks the signature of the grand jury foreperson and thus violates his Fifth Amendment right to be charged only upon a presentment or indictment of a grand jury. The signature page of the superseding indictment contains the signature of the grand jury foreperson and the signature of the United States Attorney. See docket entry #106, Ex. #1. However, in order to protect the identity of the

foreperson, pursuant to the Court's normal procedure, the signature page is contained in a restricted file and does not appear in the public file.  The absence of the signature page in the public file does not violate the Fifth Amendment's Grand Jury Clause.

### Ineffective Assistance of Counsel

To establish ineffective assistance of counsel, Craft must prove (1) deficient performance--that his counsel's representation fell below an objective standard of reasonableness;  and (2) prejudice--that but for counsel's unprofessional errors, the result of the proceeding would be different.  *See Strickland v. Washington*, 466 U.S. 668, 688-694, 104 S. Ct. 2052, 2064-2068 (1984).

Craft asserts six grounds in support of his claim that he received ineffective assistance of counsel.  First, related to his erroneous claim that the superseding indictment lacks the signature of the grand jury foreperson, Craft asserts: "Counsel was at least upon inquiry notice to confirm that the Grand Jury had, in fact, brought back a true bill."  Even if the superseding indictment actually lacked the foreperson's signature, which it did not, "the foreman's duty to sign the indictment is a formality, for the absence of the foreman's signature is a mere technical irregularity that is not fatal to the indictment." *Hobby v. U.S.,*  468 U.S. 339, 345, 104 S.Ct. 3093, 3096 (1984)(citing *Frisbie v. United States*, 157 U.S. 160, 163-165, 15 S.Ct. 586, 587-588(1895)).   Without question, Craft is unable to show that he suffered prejudice as a result of  Files' alleged failure to confirm that the grand jury foreperson actually signed the indictment. *See Williams v. United States*, 452 F.3d 1009, 1014 (8th Cir. 2006)(quoting *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000)("'If the defendant cannot prove prejudice, we need not decide whether counsel's performance was deficient.'")

Second, Craft states that Files refused to allow him to testify. He states: "Petitioner desired to exercise his Fifth and Sixth Amendment right to testify in his own behalf at trial. For good or ill, this was his right and outside the purview of trial tactics or strategy left to the lawyer. Mr. Files refused to allow such testimony." Docket entry #107, ¶ 21.  Craft provides no evidence to substantiate his claim that Files prohibited him from testifying in his own defense. The Government, on the other hand, submits Files' affidavit stating that he did not refuse to allow Craft to testify during either of his criminal trials in this case. It is undisputed that Craft testified during his sentencing hearing.

Even if Craft could prove that Files prevented him from testifying, he alleges no facts indicating what his testimony would have been had he taken the stand and his testimony would have affected the outcome of his trial. The evidence against Craft was substantial. Scottie Shreve, Craft's employee, testified that Craft made several threats related to his employment. The government substantiated Shreve's testimony with recorded conversations in which Craft advised Shreve to mislead investigators. Debbie Tatum, Craft's ex-wife, testified that Craft called her repeatedly, each time insisting that she not talk to investigators. Tatum also testified that Craft told her that if she crossed him, she could get hurt and that she would regret it. In light of the evidence supporting Craft's convictions, and the absence of any allegations indicating that Craft's testimony would have altered the outcome of the proceeding, Craft is unable to show prejudice.

Third, Craft asserts: "In the second criminal trial, only one side of the Shreve conversation was presented to the jury[,] and the attorney as advocate should have vigorously pressed to have the tape excluded if all portions of it could not be presented. A copy of the audio

tape should have been played in its entirety so that the context could be established to the jury." Docket entry #104, ¶ 22.

Craft does not specify the "Shreve conversation" to which he refers. However, on the first day of the second trial, the Government offered into evidence a taped conversation between Shreve and Craft. *See* docket entry #86, at 99. Files requested that the jury hear the entire conversation, stating: "Your honor, we want it played in its entirety. Context is very important to us." *Id*. at 108. The Court granted Files' request and ordered that, pursuant to Rule 106 of the Federal Rules of Evidence, the Government play the tape in its entirety. *Id*. Even accepting as true Craft's allegation that the jury heard only a portion of an unspecified "Shreve conversation," he fails to explain how his defense would have benefitted from introduction of the entire conversation. Because Craft fails to allege facts showing actual prejudice, his claim will be dismissed.

Fourth, Craft states that it appeared at times that his attorney had a personal dislike for him, which affected his representation. This conclusory allegation fails to state a claim for relief. Craft alleges no facts indicating how Files' alleged dislike for him affected his representation or caused him prejudice.

Fifth, Craft states that Files "was aware of transfers of money and property which the Court felt were improper [, and] he did little or nothing to inform the Court about these issues." Docket entry #107, ¶ 24. The record contradicts Craft's allegation. At sentencing, Files cross-examined Government witnesses whose testimony indicated that Craft took active steps to conceal his net worth from probation officers and the Court. *See* docket entry #87, at 16-17, 21-23, 46-55. Files also called witnesses, including Craft, in an attempt to show that Craft did not

attempt to conceal assets. *See id.* at 95-103, 108-122. And at the closing of the hearing, Files presented several arguments in an effort to convince the court that Craft did not misrepresent, intentionally hide, or attempt to hide the value of his assets. *See* docket entry #87, at 140-143. Craft has failed to allege facts showing that, under the circumstances, Files failed to exercise the skill and diligence of a reasonably competent attorney. Nor does he allege any error on Files' part that prejudiced his defense.

Sixth, Craft asserts that Files was ill prepared for the sentencing hearing and did not properly prepare him. He claims that Files did not consult him about the pre-sentence report "in any effective way" and spent only 15 minutes consulting with him regarding the report. Craft states: "As a result the Court was misinformed and sentencing [was] a complete disaster with an enhancement of six points simply because Petitioner, an unsophisticated man with less than a high school education, did not get his accounting correct." Docket entry #107, ¶ 27.

Craft's conclusory allegation that Files was ill prepared for the sentencing hearing is contradicted by the record. Files' objections to factual allegations in the pre-sentence report, his examination of witnesses, and his closing arguments indicate that he was well prepared. Additionally, the suggestion that the result of the proceeding would have been different if Files had only shown that Craft is an unsophisticated man who "did not get his accounting right" is baseless. As noted by the Eighth Circuit, this Court enhanced Craft's sentence based on four factual conclusions: "First, Craft intentionally misrepresented the value of his assets, including his mortgage, to cause investigators to undervalue his net worth. Second, he attempted to liquidate his assets and use the proceeds to buy gold and silver, which he could hide from

investigators. Third, he attempted to transfer several other assets to his children to avoid collection. Lastly, he purposely directed investigators to an accountant who had no knowledge of Craft's assets or financial affairs." *U.S. v. Craft*, 478 F.3d 899, 901 (8th Cir. 2007).

In conclusion, Craft's allegations, even if taken as true, do not establish that counsel's performance was deficient or that his performance prejudiced the defense. Furthermore, Craft's allegations are not supported by the record.

For the reasons stated, Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (docket entries #104, #107) is DENIED.

IT IS SO ORDERED THIS 7TH DAY OF APRIL, 2008.


/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE